# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

MATTHEW LEE PHILLIPS,

      Plaintiff,

    v.                            Case No. 2:24-cv-00287-KWR-GBW

TIMOTHY ROSE, LORENZO EMILIO,
and TENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon an Order to Show Cause (Doc. 9) and Defendants' Motion to Dismiss (Doc. 4). Plaintiff did not respond to the motion to dismiss. The Court directed Plaintiff to respond to the order to show cause and the motion to dismiss and show cause why the federal claims in this case should not be dismissed. *See* Order to Show Cause, Doc. 9. The Court also directed Plaintiff to file an amended complaint in light of the deficiencies identified in the order to show cause. In response, Plaintiff filed a Motion to Push Pretrial Hearing or Push Back to 3rd Judicial District Court of Dona Ana County (Doc. 10), which did not substantively address the Order to Show Cause. However, Plaintiff filed an amended complaint. *See* Doc. 14.

Having reviewed the Amended Complaint (Doc. 14), the Court concludes that Plaintiff has not cured the defects the Court previously identified in the complaint, or alternatively, has not shown cause why his federal claims should not be dismissed. Therefore, for the reasons stated herein and the motion to dismiss (Doc. 4), the Court dismisses Plaintiff's federal claims for failure

to state a claim. However, the Court declines to exercise supplemental jurisdiction over the state law claims, including the New Mexico IPRA claim and New Mexico Civil Rights Act claims, and remands the state law claims to state court.

## BACKGROUND

This case stems from Plaintiff's confrontation with alleged burglars. Plaintiff alleges he witnessed four individuals burglarizing his vehicle, which was parked outside his home. When he confronted them, he alleges the individuals assaulted him. Later, Defendants allegedly filed assault and child abuse charges in state court against Plaintiff based on the incident. Nineteen months later the prosecutor, Defendant Rose, filed a *Nolle Prosequi* after reviewing Plaintiff's latest polygraph results.

Plaintiff has filed *pro se* at least five cases stemming from this incident. He has asserted claims against the sheriff's office, the prosecution team, his former employer who fired him over the allegations, and a newspaper which reported on the incident. *See Phillips v. Dona Ana County Sheriff's Department*, 2:24-cv-00224 KWR/JHR (D.N.M.); *Phillips v. Galactic Enterprises, LLC*, Case No. 23-cv-956 MLG/DLM (D.N.M.); *Phillips v. Las Cruces Sun News*, 2:22-cv-00357 JCH/SMV (D.N.M.); *Phillips v. Rose, et al.,* 2:22-cv-356 KWR/GJF (D.N.M.). In his original complaint in this case, Plaintiff recycled allegations from some of these other cases.

This case is filed against the state prosecution team, including the prosecutor Timothy Rose, the Tenth Judicial District Attorney's Office, and Mr. Emilio, who Plaintiff alleges works for the Tenth Judicial District Attorney's Office.  In *Phillips v. Rose et al.*, 2:22-cv-356 KWR/GJF (D.N.M), Plaintiff raised similar claims against Mr. Rose and a different district attorney's office. The Court issued an order to show cause why those claims should not be dismissed *Id.,* Doc. 12. Plaintiff did not respond, and the Court dismissed those claims without prejudice.

2

In the order to show cause in this case, the Court directed Plaintiff to show cause why the federal claims in this case should not be dismissed.  *See* Order to Show Cause, Doc. 9.  The Court noted that Plaintiff had not filed a timely response to Defendant's motion to dismiss (Doc. 4), and the Court directed him to do so.  Plaintiff appears to have filed a response (Doc. 10), but did not address the substance of the order to show cause or motion to dismiss, or demonstrate why his federal claims should not be dismissed.  Plaintiff subsequently filed an amended complaint (Doc. 14), but did not file a response demonstrating why the Court should not dismiss his case.

Plaintiff has asserted federal and state claims against the prosecutor (Mr. Rose), the district attorney's office, and Mr. Emilio, an investigator who worked with Mr. Rose at the district attorney's office. In his Amended Complaint, Plaintiff asserts the following federal claims relevant to this case.[1]

- Under Count I, Plaintiff asserts a claim for deprivation of rights under color of law, 18 U.S.C. § 242.  Amended Complaint, Doc. 14 at 3.

- Under Count II, Plaintiff alleges that his Fifth Amendment right to a grand jury was violated because he was not indicted by a grand jury due to COVID lockdowns. He also alleges a due process violation under the Fifth Amendment.

- Under Count III, Plaintiff alleges Defendants violated his Second Amendment right by charging him with a crime.

- Under Count IV, Plaintiff alleges that his Fourth Amendment right was violated when the criminal complaint was filed.  He alleges Defendants lacked probable cause. He also

---

[1] Plaintiff's original complaint also references Title VII, but those allegations refer to Plaintiff's former employer, who is not a party to this case. *See Phillips v. Galactic Enterprises, LLC*, Case No. 23-cv-956 MLG/DLM (D.N.M.).

3

alleges the investigation was racially biased, because the investigator and the victims identified as Hispanic. Plaintiff asserts Defendants inadequately investigated this case.

- Under Count V, Plaintiff alleges that his Sixth Amendment right to a speedy trial was violated due to a 19-month delay in prosecution.

- Under Count VI, Plaintiff alleges a violation of the New Mexico Inspection of Public Records Act ("IPRA"). In his original complaint, Plaintiff also alleged a claim under the Freedom of Information Act (FOIA).

- Throughout the complaint, Plaintiff also alleges violations of New Mexico's Civil Rights Act, which he cites as House Bill 4.  *See* New Mexico Civil Rights Act, NMSA 1978 § 41-4A-1.

## DISCUSSION

As explained above, the Court in its Order to Show Cause (Doc. 9) stated several reasons why the federal claims in this case should be dismissed, and directed Plaintiff to show cause why the federal claims should not be dismissed.  Although Plaintiff subsequently filed a document, he did not address the Court's reasoning, or explain why the federal claims should not be dismissed. *See* Doc. 10. He subsequently filed an Amended Complaint. *See* Amended Complaint, Doc. 14. For the reasons stated below, the Court concludes that Plaintiff has not cured the defects identified in the Court's order to show cause and in the Motion to Dismiss (Doc. 4), and the Court therefore dismisses Plaintiff's federal claims for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, such as the IPRA claim and New Mexico Civil Rights Act claims, and remands those claims to state court.

I.     **Plaintiff fails to state a federal claim.**

The Court concludes that Plaintiff's Amended Complaint (Doc. 14) fails to state a claim as to his federal claims, as explained below.

Under Count I, Plaintiff asserts that Defendants violated his rights under 18 U.S.C. § 242, a criminal provision concerning the deprivation of constitutional rights under color of law.  *See* Doc. 14 at 3. This statute does not provide a party a private cause of action in a civil case, therefore this claim must be dismissed.  *Houck v. Ball*, 511 F. App'x 704 (10th Cir. 2013) ("(The district court was correct as there is no private right of action under § 242"), *citing Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994) (no private right of action under § 242); *see also Newcomb v. Ingle,* 827 F.2d 675, 676 n. 1 (10th Cir.1987) (per curiam) (no private right of action under § 241).

The Complaint also fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant Tenth Judicial District Attorney's Office. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). There are no allegations showing that a policy or custom was the moving force behind the alleged constitutional deprivations. Plaintiff appears to seek to hold the district attorney's office liable through the actions of Mr. Rose or Mr. Emilio, but has not plausibly alleged a *Monell* claim.

Moreover, a district attorney's office is not a suable entity under § 1983. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v.*

*Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010); *See, e.g., Zapata v. Public Defenders Office*, 252 Fed.Appx. 237, 240 (10th Cir. 2007) (upholding dismissal with prejudice of plaintiff's claim against the New Mexico Public Defender's Office on grounds that it was not a "person" amenable to suit under § 1983); *Martin v. Box*, No. CIV-09-192-HE, 2009 WL 1605657 at *5 (W.D. Okla. June 5, 2009) (unpublished op.) (Oklahoma District Attorney's Office is not a separate suable legal entity and does not qualify as a person subject to liability); *Martin v. Box*, No. CIV-09-0192-HE, 2009 WL 1605657, at *5 (W.D. Okla. June 5, 2009) ("Plaintiff cites no authority, and the undersigned knows of none, indicating that the district attorney's office was created as a separate, suable legal entity or qualifies as a "person" subject to liability under § 1983."). The Tenth Circuit has also held that the office of a district attorney in New Mexico is protected from suit by the Eleventh Amendment. *Jackson v. New Mexico Pub. Def.'s Off.*, 361 F. App'x 958, 962 (10th Cir. 2010).

Under Count II, Plaintiff asserts that Defendants violated his Fifth Amendment right to a grand jury and his due process rights. The Complaint fails to state a claim for a violation of the Fifth Amendment right to a grand jury. *See* U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"). "[T]he Fifth Amendment right to grand jury indictment has never been 'incorporated' via the Fourteenth Amendment as a substantive restriction on state criminal procedure, *Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 2660 n. 25, 33 L.Ed.2d 626 (1972), and thus may not be the basis of a claim under 42 U.S.C. § 1983." *Clanton v. Cooper*, 129 F.3d 1147, 1155 (10th Cir. 1997) (overruled on other grounds by *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007)).

Under Count II, Plaintiff also appears to assert that Defendants violated his due process rights. Although Plaintiff cites to the Fifth Amendment, the Court assumes that the Fourteenth

Amendment applies here, as Plaintiff was prosecuted in a state court proceeding.  Plaintiff appears

to assert that his due process rights were violated because defendants failed to review all evidence

in the discovery process and made false statements in the criminal complaint or accompanying

affidavit. In other words, Plaintiff appears to assert that the criminal complaint and affidavit lacked

probable cause. The Fourteenth Amendment protects individuals against deprivations of liberty

without due process of law. U.S. Const. amend. XIV, § 1. "If a state actor's harmful conduct is

unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation

remedy—such as a state tort claim—will satisfy due process requirements." *Myers v. Koopman*,

738 F.3d 1190, 1193 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014), *citing Becker*

*v. Kroll,* 494 F.3d 904, 921 (10th Cir.2007).  A due process claim does not sound here.  *Becker v.*

*Kroll*, 494 F.3d 904, 918–19 (10th Cir. 2007). Here, Plaintiff has not plausibly alleged an absence

of a post-deprivation remedy. Rather, he asserts New Mexico Civil Rights Act claims, which the

Court has not dismissed and as explained below will remand to state court. Alternatively,

Plaintiff's due process claim for malicious prosecution fails because, as explained below, he has

failed to plausibly allege an absence of probable cause.

Under Count III, Plaintiff asserts that his Second Amendment right was violated when

Defendants negligently charged him with a crime. *See* Amended Complaint, Doc. 14 at 15.

Plaintiff has not explained how this court-imposed restriction violates his Second Amendment

right. Rather, such prohibitions appear to be longstanding. *See, e.g., Vincent v. Garland*, 80 F.4th

1197, 1201 (10th Cir. 2023); 18 U.S.C. § 922(n) (prohibiting person under indictment from

transporting any firearm or receiving any firearm while under indictment); *United States v. Kays*,

624 F. Supp. 3d 1262, 1268 (W.D. Okla. 2022).  In his response to the order to show cause, Plaintiff

has not cited to any law holding that it is violation of the Second Amendment for a court to restrict

gun possession upon the initiation of a felony criminal proceeding. Plaintiff asserts that Defendants lacked probable cause in initiating charges.  *See* Amended Complaint, Doc. 14 at 15.   As explained below, Plaintiff has not plausibly alleged an absence of probable cause.

Plaintiff's original complaint also references Title VII, but those allegations refer to Plaintiff's former employer, who is not a party to this case.  *See Phillips v. Galactic Enterprises, LLC*, Case No. 23-cv-956 MLG/DLM (D.N.M.).

The original Complaint asserted a claim pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent Plaintiff continues to assert this claim, this claim fails.  FOIA "requires *federal agencies* to make Government records available to the public." *Brown v. Perez*, 835 F.3d 1223, 1229 (10th Cir. 2016) (quoting *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011)) (emphasis added). None of the Defendants are federal agencies.

Under Count V, the Amended Complaint fails to state a claim for violation of the Sixth Amendment speedy trial right. *See* U.S. Const. amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"). "The sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 578 U.S. 437, 444 (2016); *see also United States v. Medina*, 918 F.3d 774, 779-80 (10th Cir. 2019) ("[A]lthough the [Sixth Amendment] right [to a speedy trial] is somewhat amorphous, the remedy is severe: dismissal of the indictment."). The Court cannot grant Plaintiff the only relief available for a violation of his right to a speedy trial, dismissal of the charges, because the District Attorney's Office has already dismissed all charges against Plaintiff.

## II.   **Plaintiff fails to state a Fourth Amendment claim.**

Under Count IV, Plaintiff also asserts that his Fourth Amendment right was violated because he was prosecuted without probable cause. Plaintiff asserts that Defendants failed to

8

adequately investigate the case. Plaintiff appears to believe that Defendants racially discriminated against him when they filed charges against him without probable cause. As explained below, Plaintiff fails to state a Fourth Amendment claim.

The Court interprets this claim as a malicious prosecution claim.[2] Plaintiff's malicious prosecution claim is based in the Fourth Amendment, but the "starting point" for the analysis is the common law elements of malicious prosecution. *Wilkins v. DeReyes*, 528 F.3d 790, 797 (10th Cir. 2008). These elements are:

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Id.* at 799. However, "the ultimate question in such a case is whether the plaintiff has proven the deprivation of a constitutional right," here his Fourth Amendment right to be free of seizure without probable cause. *Wilkins v. DeReyes*, 528 F.3d 790, 797 (10th Cir. 2008). "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Wolford v. Lasater,* 78 F.3d 484, 489 (10th Cir. 1996). This requires "something more than a bare suspicion." *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011) (citation and internal quotation marks omitted).

Plaintiff asserts that Defendants failed to adequately investigate the case. "Affiants seeking arrest warrants violate the Fourth Amendment when they knowingly, or with reckless disregard for the truth, include false statements in an affidavit, or knowingly or recklessly omit from it information which, if included, would vitiate probable cause." *Puller v. Baca,* 781 F.3d 1190, 1197 (10th Cir. 2015). "In such a situation, we measure probable cause by (1) removing any false information from the affidavit, (2) including any omitted material information, and then (3)

---

[2] Plaintiff has not referred to the Equal Protection clause, but has repeatedly referred to the Fourth Amendment. Therefore, the Court will assume Plaintiff is asserting a Fourth Amendment claim.

inquiring whether the modified affidavit establishes probable cause for the warrant." *Id.* In other words, Plaintiff must show (1) the omitted information was material in that it would have vitiated probable cause, and (2) the Defendants acted with recklessness in omitting the information. *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020).

Probable cause "does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt." *Gerstein v. Pugh,* 420 U.S. 103, 121, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), *quoted in Woods v. Neumeyer*, 77 F.3d 494 (10th Cir. 1996); *Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005) (probable cause "does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate. The officers did not believe Wright's explanation for her entry. Although they may have made a mistake, their belief was not.").

Plaintiff was charged with child abuse and aggravated assault stemming from his confrontation with the alleged burglars. Plaintiff appears to assert he was defending himself against alleged burglars who he believed were rifling through his truck. Plaintiff faults Defendants for believing the four alleged burglars over him. But under New Mexico law, a law enforcement officer need not rule out self-defense. *Sanchez v. Labate*, 564 F. App'x 371, 374 (10th Cir. 2014) (noting that New Mexico law does not require arresting officers to consider a claim of self-defense in determining whether they have probable cause). Moreover, officers need not "rule out a suspect's innocent explanation for suspicious facts." *District of Columbia v. Wesby*, ⸺ U.S. ⸺ ⸺, 138 S. Ct. 577, 588, 199 L.Ed.2d 453 (2018). "So probable cause existed even if some of the evidence had suggested self-defense." *Craft v. White*, 840 F. App'x 372, 378 (10th Cir. 2021) (New Mexico law). This is true even where an assault or battery claim has an element of "unlawfulness".

*Craft v. White*, 840 F. App'x 372, 378 (10th Cir. 2021) (finding probable cause even where a defense was possible where plaintiff which charged with New Mexico battery, which requires "unlawful touching").

Here, Plaintiff does not assert any facts plausibly alleging the absence of probable cause. Although Plaintiff disputes whether he committed a crime, and asserts that he acted in self-defense, none of his facts tend to plausibly allege an absence of probable cause. Moreover, Plaintiff appears to fault the Defendants for not believing him, and instead believing the alleged burglars. As explained above, the resolution of conflicting evidence does not demonstrate a lack of probable cause. Plaintiff has summarily asserted the absence of probable cause but he does not allege facts demonstrating an absence of probable cause. Moreover, Plaintiff has not plausibly alleged that Defendants omitted exculpatory evidence from the criminal complaint or accompanying affidavit. Although Plaintiff summarily asserts Defendants falsified evidence or failed to investigate, he does not specify which facts were falsified. Plaintiff has not pointed to any specific facts which were omitted and if included in the complaint would have vitiated probable cause. For example, Plaintiff attached to his original complaint the Statement of Facts in Support of Criminal Complaint, Doc. 1-1 at 29-35, Exhibit C. Plaintiff does not argue that the statement of facts are insufficient to establish probable cause, does not specifically argue which facts are falsified, and does not assert what facts, if inserted into the Statement of Facts, would have vitiated probable cause.

Plaintiff asserts that Mr. Emilio falsified evidence.  But he does not identify or state what evidence or facts were falsified, or attempt to show that the criminal complaint or Statement of Facts in Support of Criminal Complaint, when stripped of these alleged falsified facts, lacked probable cause.

Plaintiff has also not alleged any facts plausibly asserting malice. Plaintiff summarily asserts there was racial bias, but does not allege any facts supporting the conclusion of racial bias. Rather, he appears to assume there was bias based on the fact that (1) he identifies as white; (2) an investigator, Mr. Emilio, identifies as Hispanic, (3) the alleged victims were not white; and (4) the existence of Black Lives Matter protests during the pendency of the underlying case.  "The malice element of a Fourth Amendment malicious prosecution claim focuses on the defendant officer's knowledge or state of mind." *Mglej v. Gardner*, 974 F.3d 1151, 1171 (10th Cir. 2007). To establish malice or recklessness, "there must exist evidence that the officer in fact entertained serious doubts as to the truth of his allegations." *Stonecipher*, 759 F.3d at 1142. A reviewing judge may infer recklessness from "circumstances evincing obvious reasons to doubt the veracity of the allegations." *Beard*, 24 F.3d at 116. But this is not a mandatory or automatic inference. *Kapinski v. City of Albuquerque*, 964 F.3d 900, 908 (10th Cir. 2020). Plaintiff has not alleged facts which plausibly suggest charges were filed against him on the basis of malice or racial bias.

Plaintiff asserts that Defendants failed to properly investigate his case. Generally, "the failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth. To the contrary, it is generally considered to betoken negligence at most." *Stonecipher v. Valles,* 759 F.3d 1134, 1142 (10th Cir.2014). *See Romero v. Fay,* 45 F.3d 1472 (10th Cir. 1995) (holding that officers' failure to talk to asserted alibi witnesses did not constitute a violation of the defendant's constitutional rights). Therefore, the alleged failure to investigate does not constitute malice.

Alternatively, it is unclear how Mr. Emilio was involved in the events underlying the Fourth Amendment claim. Plaintiff does not provide any facts alleging that Mr. Emilio was

involved in the criminal complaint or the statement of facts supporting the criminal complaint, and it is unclear how he was involved in the prosecution. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Rather, Plaintiff asserts others drafted the criminal complaint and affidavit. Complaint, Doc. 1-1 at ¶ 43. In his original complaint, Plaintiff admitted that the criminal complaint and affidavit were not drafted by Mr. Emilio.  This is supported by documents attached to the complaint, which show that the criminal complaint and statement of facts in support of the criminal complaint were not signed or sworn by Mr. Emilio.  Complaint, Doc. 1-1 at 26-35, Exhibit C.

Therefore, Plaintiff has failed to state a Fourth Amendment claim.

### III.    Plaintiff fails to state a claim because absolute immunity appears to apply to the federal claims.

Alternatively, the Complaint fails to state a claim pursuant to § 1983 against the prosecutor and the investigator, Defendants Mr. Rose and Mr. Emilio, because they are entitled to absolute immunity. "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007). "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir.2009) (citing *Imbler,* 424 U.S. 409, 425–28, 96 S.Ct. 984). Such decisions include "whether and when to

prosecute[ ] [and] *whether to dismiss* " a case. *Imbler,* 424 U.S. at 431 n. 33, 96 S.Ct. 984 (emphasis added). The test is a functional one which focuses on activities "intimately associated with the judicial phase of the criminal process...." *Id.* at 430, 96 S.Ct. 984. *See Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

Because the alleged actions of Defendant Rose clearly cast him in the role of an advocate initiating and presenting the government's case, he is entitled to absolute immunity.

Plaintiff alleges that Mr. Emilio was an investigator with the Tenth Judicial District Attorney's office.  As noted above, Mr. Emilio did not sign the criminal complaint or statement of facts in support of the criminal complaint. Complaint, Doc. 1-1 at 26-35, Exhibit C. Plaintiff appears to assert that Mr. Emilio is liable due to his involvement as an investigator with the district attorney's office, including his failure to investigate the case or believe his innocence. "[P]rosecutorial immunity extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature," including investigators. *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006); *Pfeiffer*, 929 F.2d at 1489 ("It is ... well established that this absolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings."). "[W]hen determining whether a defendant is entitled to absolute immunity, we employ a functional approach that examines 'the nature of the function [the defendant] performed, not the identity of the actor who performed it.' " *Perez v. Ellington,* 421 F.3d 1128, 1133 (10th Cir.2005). "An investigator who prepares a criminal complaint and seeks an arrest warrant is therefore entitled to absolute immunity." *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006), *citing Roberts v. Kling,* 144 F.3d 710, 711 (10th Cir.1998); *Atkins v. Lanning,* 556 F.2d 485, 489 (10th Cir. 1977) (applying absolute immunity to district attorney

investigators).  Here, it appears that Mr. Emilio is protected by absolute immunity for his role in the prosecution, such as allegedly believing probable cause existed, allegedly preparing a criminal complaint and seeking an arrest warrant and investigating the case.  *Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009) (noting prosecutor is immune for investigatory or evidence-gathering role). Plaintiff does not allege that Mr. Emilio was a complaining witness, and he did not sign the criminal complaint or accompanying affidavit.  Complaint, Doc. 1-1 at 26-35, Exhibit C.

Plaintiff asserts that investigators included false statements in the complaint or accompanying affidavit. Assuming this is an exception to absolute immunity, as explained above Plaintiff does not identify or explain what false statements were included in the criminal complaint, and how their removal from the criminal complaint or warrant affidavit would have vitiated probable cause, as explained above.

## IV.     Court declines to exercise supplemental jurisdiction over the state law claims, and remands those claims to state court.

Because all claims over which the Court has original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(c)(3). It appears that Plaintiff asserts state law IPRA claim and New Mexico Civil Rights Act claims. Doc. 14 at 2. The Court will remand these state law claims to state court, and Plaintiff may pursue these claims in state court.

With the dismissal of the federal claims, it is clear that the Court does not have original jurisdiction over any of the remaining claims.  It is undisputed that there is no diversity jurisdiction. No party has asserted that this Court has diversity jurisdiction over the claims in this case, and it

appears that complete diversity does not exist. Both Plaintiff and Defendants appear to be residents and citizens of New Mexico.

A district court "may decline to exercise supplemental jurisdiction over a" state claim "if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Although declining supplemental jurisdiction is discretionary, the Tenth Circuit has held that district courts should presume to decline jurisdiction over state claims when federal claims no longer remain: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d at 1156). That conclusion is consistent with the Supreme Court's statement that:

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted). Here, the Court has dismissed all claims over which it has original jurisdiction. The Court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). Because this case was removed to federal court, the Court will remand the state law claims to state court.

**V.   Plaintiff's Motion (Doc. 10) is not well taken.**

Plaintiff filed a Motion to Push to Pretrial Hearing or Push Back to 3rd Judicial District Court of Dona Ana County. *See* Doc. 10. The Court interpreted this filing as a response to the order to show cause.

Alternatively, assuming this filing was not a response to the order to show cause, it is not well-taken and therefore denied. This motion repeats some arguments from the original complaint. Moreover, Plaintiff primarily asserted that the Court should remand this case to state court prior to ruling on the federal claims, asserting that this court does not have jurisdiction over the case. But he clearly filed federal claims, and the Court had jurisdiction over this case when it was removed. Therefore, the Court could not remand the federal claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). However, as explained above, after dismissing the federal claims, the Court will remand the state claims to state court.

## VI.     Court declines to sua sponte grant leave to amend a second time.

The Court declines to *sua sponte* grant Plaintiff leave to amend a second time.  Defendants filed a motion to dismiss.  Plaintiff could have sought leave to amend at that time, but did not.  The Court subsequently issued an order to show cause, directing Plaintiff (1) to show cause why the federal claims in this case should not be dismissed and (2) to file an amended complaint.

Plaintiff filed an amended complaint, but did not show cause or argue why the claims in this case should not be dismissed. As explained above, his Amended Complaint does not remedy the defects identified by the Court in the order to show cause, and does not state a plausible claim for relief as to the federal claims. Because the Court already granted Plaintiff leave to amend, the Court need not *sua sponte* grant leave to amend a second time. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (district court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, *failure to cure deficiencies by amendments previously allowed*, or futility of amendment.") (emphasis added), *cited in Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

17

**CONCLUSION**

Plaintiff failed to show cause why the Court should not dismiss the federal claims in this case for the reasons stated in the order show cause (Doc. 9), herein, and in Defendants' Motion to Dismiss (Doc. 4). His Amended Complaint (Doc. 14) does not remedy the defects the Court identified in its Order to Show Cause, and the Court concludes that Plaintiff fails to state a claim as to his federal claims. The federal claims are therefore dismissed.  The Court declines to exercise supplemental jurisdiction over the state law claims, and remands those state law claims to state court.  Plaintiff may pursue his New Mexico Civil Rights Act claims and IPRA claim in state court.

**IT IS THEREFORE ORDERED** that the federal claims in this case are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Push to Pretrial Hearing or Push Back to 3rd Judicial District Court of Dona Ana County (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the state law claims, and **REMANDS** those claims to the Third Judicial District Court, Dona Ana County, New Mexico. The Clerk is directed to take the necessary actions to remand this case.

.

_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE